By The Court.
The judgment of this court upon the hearing of this cause upon the merits, entered February 8, 1922 (104 Ohio St., 172), held that the outstanding preferred stock of the corporation was entitled to equal voting powers with the common stock. The same judgment held that the election of January 3, 1921, was irregular, and ordered that a new election be held and that at such election all outstanding preferred stock should be entitled to vote. It was not intended by that judgment and the entry thereof to declare that the persons who have been holding office as directors and officers of the company since January 3,1921, have no power to act as such directors and officers, and no opinion was expressed *641 upon that point, except by inference, but it may now be stated that the directors who held over from the year 1919 were each and all de jure directors and the officers de jure officers. If this court should hold that those directors and officers could not act on March 30, 1922, it would by the same token declare invalid all of the acts and proceedings of the directors and officers for the past two years. This court has no knowledge of the extent or the importance of the acts and proceedings of the directors and officers during that period, but it is apparent that to declare all such acts and proceedings invalid might bring about disastrous results.
An examination of the motion, the response and the reply, now under consideration, shows that the meeting was held with unseemly precipitation and it is apparent that the action of the directors and officers was intended to gain an advantage, but this court cannot say that the advantage so obtained was an illegal one or bore an immoral taint.
It is claimed that the financial condition of the company does not justify the redemption of the preferred stock at this particular time, and the judgment of this court is invoked as to the soundness of the business policy involved. It is also claimed that no tender of the amount due upon the stock was made to William L. Urschel, either of the whole amount due upon his preferred stock, with interest, or of the balance after deducting an amount claimed to be due from William L. Urschel to the company. It is alleged in the response to the motion, however, that the financial condition is sufficiently sound to justify the action of the directors, that it will cause no financial strain, that the proper tender was made, *642 and that the book account showing indebtedness from William L. Urschel to the company is correct. The reply to the response, in the third subsection, admits the indebtedness as shown by the book account, and this admission clarifies the entire situation.
This court cannot consistently judge of the business policy of an Ohio corporation, such matters being entirely under the control of the board of directors, so long as their actions are in good faith and not subversive of the vital interests of the corporation. Inasmuch as the plaintiffs have at all times maintained the position that any tender would not have been accepted, it is difficult to see upon what principle the matter of tender is important. In any event, there seems to have been a sufficient sum available for William L. Urschel, of legal tender money, to take care of the balance due to him on the preferred stock, after deducting his book account, and the action of the board of directors in passing the resolution, and its readiness then and subsequently to malee such payment, would seem to be all that was necessary to effect the cancellation of the preferred stock.
Upon the admitted facts of the motion, the response thereto, and the reply to the response, applying the facts to the principles already stated herein, it is the judgment of this court that the motion should be overruled.

Motion overruled.

Marshall, C. J., Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Marshall, C. J., Wanamaker, Matthias and Allen, J J., concur in adhering to former judgment.